```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


TROY TOMLINSON and                         CIVIL ACTION
TROY TOMLINSON, INC.
d/b/a REAL ESTATE NETWORK

v.                                         NO. 06-3273

ST. PAUL FIRE & MARINE INSURANCE           SECTION "F"
COMPANY d/b/a ST. PAUL TRAVELERS
INSURANCE COMPANY, UNITED STATES
FIDELITY AND GUARANTY COMPANY,
GILLIS, ELLIS & BAKER, INC.,
DAVID WILLIAMS, FRANCISCA CUSIMANO,
AND ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand and request for attorneys' fees. For the reasons that follow, the motion is DENIED.

Background

On April 5, 2006, the plaintiffs sued for property damages and business interruption resulting from Hurricane Katrina. During the fall of 2005, the plaintiffs filed a claim with their insurer. The plaintiffs had scheduling difficulties with the first assigned adjuster. A second adjuster visited the plaintiffs' property in December 2005 and assessed the damages. The adjuster had to return a second time in March 2006 to survey the damage again because he lost the information from his first visit. Shortly after the second visit, an engineer surveyed the plaintiffs' damaged slate

roof, at the adjuster's request.  The plaintiffs claim that they never received an estimate of damages from the adjuster or the defendants, nor have they received any payment on their claim.

Plaintiffs served their petition on defendants St. Paul Fire & Marine Insurance Company and United States Fidelity & Guaranty Company (St. Paul/USFG) on April 25, 2006.  The petition, under state law, does not quantify the amount of damages.  On June 1, 2006, plaintiffs advised the defendants in a fax that the cost to repair their property coupled with the loss-of-business claim totaled $73,208.44.  This figure did not include possible penalties or damages sought by plaintiffs under Louisiana's bad faith statutes.  On June 22, 2006, within thirty days of receipt of the fax, St. Paul/USFG removed the case to this Court.  Defendants Gillis, Ellis & Baker (GEB) did not join in the motion to remove.

The plaintiffs now move to remand the case to state court, contending Notice of Removal is untimely as to the "other paper" exception because the defendants had knowledge of the amount in controversy prior to the time of service of the petition, and flawed because the other defendants have not agreed to removal. The plaintiffs also contend that there is neither complete diversity among the parties (because the insurance agent is a citizen of Louisiana) nor is there original federal subject matter jurisdiction, or alternatively, supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369

and 1441(e)(1).

### I.  Standard for Remand

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

### II.  Timely Removal

Defendants have thirty days from receipt of the initial pleading in which to remove a case from state court to federal court.  28 U.S.C. § 1446(b).  This general rule applies when the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).  If the pleading is silent regarding damages, or if the pleading is not removable, the defendant may remove the case at the time the defendant receives notice through "an amended

pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable...."  § 1446(b).  This is an objective standard, adopted to "promote[] certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."  <u>Chapman</u>, 969 F.2d at 163.  Defendants are not required to estimate damages on their own or remove cases automatically, gambling on whether or not the amount-in-controversy will be met so as not to forfeit their right to have a case heard by a federal court.  <u>See id.</u>

The plaintiffs' petition, in conformity with Louisiana law, in this case was silent regarding damages.  The plaintiffs sent a fax to St. Paul/USFG on June 1, 2006, stating a specific amount of $73,208.44 that represented repairs made to plaintiffs' property and lost business income, but did not include an amount representing the plaintiffs' claim for added amounts under Louisiana's bad faith statutes.  St. Paul/USFG reasonably assumed from the plaintiffs' fax that the plaintiffs' claim for damages would then exceed the amount-in-controversy requirement for federal jurisdiction.  This fax qualifies as an "other paper" notification under § 1446(b) that this case had become removable, and triggered the thirty-day time period in which to remove.  St. Paul/USFG properly removed the case to this Court on June 22, 2006.

4

### III. Diversity Jurisdiction

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

St. Paul/USFG contends that this Court has diversity jurisdiction over this suit because the plaintiffs improperly or fraudulently joined GEB, an in-state defendant, to defeat diversity jurisdiction.

#### A. Improper Joinder

##### 1. Standard

A plaintiff may not join a defendant in a suit to defeat diversity jurisdiction unless the plaintiff has a viable claim against that defendant. When determining whether the plaintiff has a viable claim, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith." 14C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 629-30 (3d ed. 1998). "The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983).

"The removing party must show either that there is no

5

possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981).  "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." <u>Doe v. Cutter Biological</u>, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3723, at 343 (2 ed. 1985)).  The Court, however, should not pretry the case. <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for fraudulent joinder. Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same.  See <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003). In <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).

6

A full-scale evidentiary hearing is improper for determining improper joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination."  Green, 707 F.2d at 204.  The scope of the inquiry for fraudulent joinder, however, goes beyond to pleadings to include summary judgment-type evidence.  Travis, 326 F.3d at 648-49.  Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper joinder.  Id. at 648.

The removing party must bear a heavy burden to prove that the non-diverse defendant was fraudulently joined, see Brady v. Wal-Mart Stores, Inc., 907 F. Supp. 958, 959 (M.D. La. 1995) by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted).

2.  Application

St. Paul/USFG relies upon the plaintiffs' inability to establish a cause of action against GEB.  The plaintiffs' petition alleges that GEB "did not help plaintiffs in any way with its claim [against insurer St. Paul/USFG]."

In Louisiana, the fiduciary duty that an insurance agent owes to a customer is to use reasonable diligence to procure the

7

coverage requested.  See Graves v. State Farm Mut. Auto Ins. Co., 821 So. 2d 769, 772 (La. App. 2002); Smith v. Millers Mut. Ins. Co., 419 So. 2d 59, 64 (La. App. 1982); Porter v. Utica Mut. Ins. Co., 357 So.2d 1234, 1238 (La. App. 1978).  Procurement of insurance includes advising customers regarding recommended coverage and possible gaps in coverage, see Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co., 910 F.2d 224, 231 (5th Cir. 1990), obtaining the right amount of coverage requested by the customer, see Karam v. St. Paul Fire & Marine Insurance, 281 So. 2d 728 (La. 1973), and promptly notifying of a failure to obtain coverage for the customer, see Cambre v. Travelers Indemnity Co., 404 So. 2d 511, 516 (La. App. 1982).

The fiduciary duty owed by insurance agents and brokers to customers does not include the duty to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer.  It appears that another section of this Court clarified for the very same plaintiffs in this case the duty owed by insurance agents to their customers.  In Tomlinson v. Allstate Indemnity Company, 2006 WL 1331541 (E.D. La. May 12, 2006), the plaintiffs alleged that their insurance agent for their homeowner's policy "breached her fiduciary duty by her 'complete lack of assistance and cooperation' and by her failure 'to handle their claims effectively.'"  Tomlinson held that the plaintiff had no claim for relief, and this Court agrees.

Even if GEB assumed the duty claimed, negligence by an insurance agent is not actionable under Louisiana law unless it constitutes the cause in fact of the harm for which recovery is sought. See Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199 (5th Cir. 1990); Offshore Prod. Contractors v. Republic Underwriters Ins. Co., 910 F.2d 224 (5th Cir. 1990). An act is a cause in fact of an injury when the harm would not have occurred without it. Toston v. Pardon, 874 So.2d 791, 799 (La. 2004). The plaintiffs do not on this record demonstrate how their insurance agent's lack of assistance in assisting or negotiating a claim with their insurer has caused the lack of payment at issue. Because the plaintiff has failed to state a claim against the in-state defendant, GEB, this Court finds no reasonable basis for "predicting that the state law might impose liability on the facts involved." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted). This Court finds that St. Paul/USFG has met its burden of proof and that the in-state defendant GEB has been improperly joined. The parties in this case are completely diverse.

       3.   Consent of All Defendants for Removal

"As a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to

improperly or fraudulently joined parties would [defy reason, because] removal in those cases is based on the contention that no other proper defendant exists." Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993).  Because this Court finds that the in-state defendant, GEB, has been improperly joined, the requirement for all defendants to consent to removal to this Court is waived.[1]

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, September 12, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because the defendants properly removed this case to this Court on the bases of diversity jurisdiction, this Court does not need to consider the claim by St. Paul/USFG that this Court has original or supplemental jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1).